**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWN GUERRERO,

        Petitioner,

v.                                                          Case No. 07-cv-10644

JERI-ANN CHERRY,

        Respondent.
                                         /

**ORDER DENYING PETITIONER'S "MOTION FOR DEFAULT JUDGMENT"**
**AND DIRECTING RESPONDENT TO FILE RELEVANT STATE COURT RECORD**

Petitioner Shawn Guerrero filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the court is Petitioner's "Motion for Default Judgment."

Petitioner seeks a default judgment because, he claims, Respondent failed to timely file an answer to the petition. Petitioner filed his habeas corpus petition on February 13, 2007. The court issued an Order requiring Respondent to file a responsive pleading by August 22, 2007. Respondent filed an answer to the petition on that date. Therefore, the answer was timely filed. However, the court's Order also required Respondent to file an answer to the petition in accordance with Rule 5 of the Rules Governing Section 2254 cases. Rule 5 requires that, as part of its answer, Respondent file a copy of any prior decisions, briefs and transcripts necessary to adjudicate the issues presented. Respondent has not yet filed the state court record. Therefore, Respondent has not fully complied with the court's Order.

A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). The Sixth Circuit Court of Appeals has held that, based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment when the Office of the Attorney General fails to file a timely response to a habeas corpus petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *Accord Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). Thus, the court must deny Petitioner's request for a default judgment.

Where a respondent fails to timely file a response, the court may refuse to consider the untimely response, or the court may find that the respondent waives all procedural defenses, with the exception of the exhaustion requirement, which, pursuant to 28 U.S.C. § 2254(b)(3), is preserved absent express waiver by the State. *See Bennett v. Collins*, 835 F. Supp. 930, 936-37 (E.D. Tex. 1993). In the pending case, the court will allow Respondent fourteen days to correct the deficiency. If Respondent fails to correct the deficiency in that time period, the court may impose sanctions. Accordingly,

IT IS ORDERED that Petitioner's Motion for Default Judgment [Dkt. # 8] is DENIED.

IT IS FURTHER ORDERED that Respondent is shall file the Rule 5 materials **within fourteen days** of the entry of this Order.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2007, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522